UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OHIO SECURITY INSURANCE CO., )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>VETERAN CONSTRUCTION )<br>SERVICES, LLC, *et al.*, )<br>    *Defendants*. ) | 3:23-cv-257 (SVN)<br><br><br><br><br><br><br>January 10, 2025 |

**JOINT RULING AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION FOR SUMMARY JUDGMENT**

Sarala V. Nagala, United States District Judge.

Plaintiff Ohio Security Insurance Company ("Ohio") seeks a declaratory judgment that it has no duty to defend or indemnify Defendant Veteran Construction Services, LLC ("Veteran") for any damages claimed in two lawsuits resulting from a tragic workplace accident that killed Joseph O'Donnell and Euel Sims on November 13, 2020 (the "Underlying Actions"). The plaintiffs in the Underlying Actions—Christina Weaver, as administratrix of O'Donnell's estate, and Cynthia Petrie, as executrix of Sims's estate—are also named as Defendants.

Ohio previously moved for default judgment against Veteran and summary judgment against Weaver and Petrie;[1] the Court denied these motions, finding that it was appropriate to decline to exercise its jurisdiction to issue a declaratory judgment as to Ohio's duty to defend because there was no justiciable controversy related to Ohio's duty to indemnify. *See* Orders, ECF Nos. 59, 60. In response, Ohio filed an amended complaint and now renews its motion for default

---

[1] Although Ohio did not specify that its motion for summary judgment was brought against only Weaver and Petrie, the Court construes it as such, given that Ohio was also seeking a default judgment against Veteran. *See* Pl.'s Mot. Summ. J., ECF No. 44. The Court likewise construes Ohio's renewed motion for summary judgment, *see* Pl.'s Renewed Mot. Summ. J., ECF No. 65, as being brought against Weaver and Petrie only, for the same reason.

judgment against Veteran, *see* Pl.'s Renewed Mot. Default J., ECF No. 64, as well as its motion for summary judgment against Weaver and Petrie. *See* ECF No. 65.

For the reasons described below, the Court grants default judgment in part against Veteran, declaring that Ohio has no duty to defend or indemnify Veteran in the underlying *Petrie* action, but denies default judgment against Veteran with respect to the underlying *Weaver* action. Ohio's motion for summary judgment is likewise granted in part as to Defendant Petrie, and denied as moot as to Weaver.

I. **PROCEDURAL BACKGROUND**

The Court assumes the parties' familiarity with its order adopting in part Magistrate Judge Garcia's recommended ruling on Ohio's motion for default judgment and denying Ohio's motion for default judgment without prejudice. *See Ohio Sec. Ins. Co. v. Veteran Constr. Servs., LLC*, No. 3:23-CV-257 (SVN), 2024 WL 1287583 (D. Conn. Mar. 26, 2024). Accordingly, the Court discusses only the additional procedural background necessary for this ruling.

As relevant here, Ohio issued two commercial general liability policies to Veteran. The first policy began on October 10, 2017, and ran through October 10, 2018, while the second policy began on October 10, 2018, and was set to run through to October 10, 2019 (collectively, the "Policies"). Am. Compl., ECF No. 63 ¶¶ 11–12. The second policy period was ultimately canceled for non-payment as of October 10, 2018. *Id.* ¶ 13. The policies included the same relevant language regarding the scope of coverage for injuries. *Id.* ¶¶ 15–21. Coverage A pertained to bodily injury and property damage, *id.* ¶ 16; Coverage B applied to personal and advertising injury. *Id.* ¶ 18. The coverages are discussed further below.

The Underlying Actions arise from a fatal workplace incident. *Id.* ¶¶ 22–38. They allege that Sims, an employee of the Department of Veterans Affairs, and O'Donnell, an employee of

2

Mulvaney Mechanical, Inc., were killed as a result of a steam pipe rupture at the Department of Veterans Affairs hospital campus in West Haven, Connecticut on November 13, 2020. *Id.* ¶¶ 23–27, 32–36. Weaver and Petrie allege that Veteran's negligence in, among other things, improperly installing the steam valves, caused the deaths of Mr. O'Donnell and Mr. Sims. *Id.* ¶ 29. The Underlying Actions allege claims against Veteran for wrongful death and loss of consortium. *Id.* ¶¶ 28, 30, 37–38. The underlying *Weaver* action has been closed since February of 2024, while the underlying *Petrie* action remains pending. *Weaver et al. v. USA*, No. 3:22-cv-352 (JCH) (D. Conn. 2022), ECF No. 111; *Cynthia Petrie, Ex'x of the Est. of Euel T., et al. v. Mulvaney Mech. Inc.*, No. HHD-CV22-6179070-S (Conn. Super. Ct. 2022), Dkt. No. 115.00.

Veteran has never appeared in this action, despite being properly served. The Court nonetheless denied Ohio's first motion for default judgment against Veteran without prejudice; it declined to exercise jurisdiction to issue a declaratory judgment related to Ohio's potential duty to defend Veteran because Ohio had not pleaded facts demonstrating that Veteran had sought insurance coverage from Ohio, and found that Ohio's request for a declaratory judgment related to its potential duty to indemnify was not justiciable at that time. *Ohio Sec. Ins. Co.*, 2024 WL 1287583, at *6–8. Ohio then filed an amended complaint on May 1, 2024, in which it added factual allegations regarding Veteran's efforts to seek coverage from Ohio. *See* Am. Compl. ¶¶ 39–45. Specifically, Ohio alleges that on December 5, 2022, Veteran submitted a claim to Ohio in connection with the Underlying Actions; in response, Ohio advised Veteran that the loss occurred outside the policy period of its policies, and recommended that Veteran reach out to the carrier that issued the policy in force on the date of the loss. *Id.* ¶¶ 39–40. On December 23, 2022, Ohio issued a formal disclaimer letter to Veteran, stating Ohio has no duty to defend and/or indemnify Veteran in the Underlying Actions. *Id.* ¶ 41. On January 3, 2023, counsel for Veteran

3

contested Ohio's coverage position and argued that Veteran's allegedly negligent acts occurred in July of 2018, which would fall under the coverage period of the first Ohio policy, effective October 10, 2017, through October 10, 2018. *Id.* ¶¶ 11, 42–43. On January 23, 2023, Ohio issued a supplemental disclaimer letter to Veteran, arguing that it has no duty to defend and/or indemnify Veteran under Coverage A and/or Coverage B of the policy, because the explosion and subsequent deaths occurred outside the policy period and that, even if the loss occurred within the policy period, coverage would be excluded under several exclusions within the policy. *Id.* ¶¶ 44–45.

The day after filing its amended complaint, Ohio filed a renewed motion for default judgment against Veteran pursuant to Rule 55(b)(2). ECF No. 64. Ohio makes the same two arguments it previously made in support of its request for a default judgment. First, Ohio contends that, under Coverage A, Ohio owes no duty to defend or indemnify Veteran because the decedents' deaths did not occur during the relevant policy periods. *Id.* at 2. Second, Ohio argues that, under Coverage B, Ohio owes no duty to defend or indemnify Veteran because neither Underlying Action alleges a "personal and advertising injury" that would trigger Coverage B. *Id.*

On the same day it filed its renewed motion for default judgment, Ohio separately renewed its motion for summary judgment, making essentially the same arguments it makes in its default judgment motion against Veteran. ECF No. 65. As noted above, the Court construes the motion for summary judgment as being brought against Weaver and Petrie only. Neither Weaver nor Petrie have responded to Ohio's renewed motion for summary judgment.

The status of the Underlying Actions is as follows. The underlying *Weaver* action, in which Veteran was sued and appeared through its principal but did not otherwise participate, is closed. Following a report of settlement, the action was dismissed on February 16, 2024. *Weaver*, No. 3:22-cv-352 (JCH), ECF Nos. 59, 111. In June of 2024, Weaver filed a stipulation of dismissal of

4

her claims against the other defendants in the action, noting that the settlement had been approved by the Probate Court. *Id.*, ECF No. 116. Although Weaver did not formally dismiss her claims against Veteran, no action has been taken in the case with respect to Veteran since the case was dismissed and closed in February of 2024. In a notice filed in this action, Weaver stated that, provided the settlement was granted final approval, she did "not intend to pursue any further claims against Veterans Construction Services or its current or former insurers, including Plaintiff Ohio." *See* Not., ECF No. 58.

Litigation remains ongoing in the underlying *Petrie* action, with trial scheduled for May 26, 2026. *Petrie*, No. HHD-CV22-6179070-S, Dkt. No. 115.00.

## II.    MOTION FOR DEFAULT JUDGMENT

For the reasons described below, the Court grants Plaintiff's renewed motion for default judgment in part, and denies it in part.

A. <u>Subject Matter Jurisdiction</u>

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 164 (S.D.N.Y. 2023). The Court previously concluded that there is diversity jurisdiction, *see Ohio Sec. Ins. Co.*, 2024 WL 1287583, at *4, and finds no need to revisit this issue.

While the Court previously declined to *exercise* its jurisdiction to issue a declaratory judgment in Ohio's favor, the Court now finds it appropriate to do so in part, given the factual allegations added to the amended complaint. The amended complaint now alleges that Veteran in fact sought coverage from Ohio under the policies and contested Ohio's position with respect to coverage. Am. Compl. ¶¶ 39–45. In light of these new allegations, the Court concludes that it is

5

appropriate to exercise jurisdiction under the Declaratory Judgment Act with respect to Ohio's potential duty to defend in the ongoing *Petrie* action. *See Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023). A declaratory judgment would serve a useful purpose in settling the issues of coverage and offer relief from uncertainty, with respect to that action. The concerns of judicial economy, which were present when the dispute appeared merely theoretical, have less force now that Ohio has established the dispute is live. *Cf. Ohio Sec. Ins. Co.*, 2024 WL 1287583, at *7.

Given the closed status of the *Weaver* action, however, there is no live dispute with respect to coverage in that action. Therefore, assuming without deciding that there is an actual controversy regarding the *Weaver* action for purposes of the Declaratory Judgment Act, the Court declines to exercise its jurisdiction to issue a default declaratory judgment in favor of Ohio as to the *Weaver* action. *See Admiral Ins. Co.*, 57 F.4th at 96.

The Court concludes below that Ohio has no duty to defend Veteran in the *Petrie* action. As Ohio has no duty to defend Veteran, it follows that Ohio also has no duty to indemnify Veteran in that action.[2] *See DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 688 (2004) ("Because the duty to defend is significantly broader than the duty to indemnify, 'where there is no duty to defend,' there is no duty to indemnify.'") (quoting *QSP, Inc. v. Aetna Cas. & Sur. Co.*, 256 Conn. 343, 382 (2001) and collecting other cases).

B. Legal Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See, e.g.*, *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, a plaintiff

---

[2] In its earlier ruling, the Court determined there was no justiciable dispute with respect to Ohio's duty to indemnify. Because it concludes in this ruling that Ohio owes no duty to defend Veteran, however, it follows that Ohio cannot possibly owe a duty to indemnify. The Court therefore believes it is now appropriate to issue a declaratory judgment with respect to Ohio's duty to indemnify, as well as its duty to defend.

6

must acquire an entry of default against the defendant(s). Fed. R. Civ. P. 55(a). Second, after the default is entered, a plaintiff must either request a default judgment from the Clerk or move the court for a default judgment. Fed. R. Civ. P. 55(b)(1)–(2). The Clerk can enter a default judgment only if the amount sought is a sum certain. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In assessing a motion for a default judgment, the Court must determine whether the allegations establish the defendant's liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). In undertaking this inquiry, the Court is required to accept all of the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

  C. <u>Liability</u>

For the reasons that follow, the Court finds that Ohio has no duty to defend Veteran in the *Petrie* action under Coverage A or Coverage B of the issued policies.

"The question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the underlying] complaint with the terms of the insurance policy." *Cmty. Action for Greater Middlesex Cnty., Inc. v. Am. All. Ins. Co.*, 254 Conn. 387, 395 (2000). Accordingly, the normal rules of contract interpretation apply. *Pac. Indem. Ins. Co. v. Aetna Cas. & Sur. Co.*, 240 Conn. 26, 29–30 (1997). There is no dispute that Connecticut law applies here.

"If an allegation of the complaint falls even *possibly* within the coverage, then the insurance company must defend the insured." *Williams v. MESA Underwriters Specialty Ins. Co.*, 538 F. Supp. 3d 234, 239–40 (D. Conn. 2021) (emphasis in original) (quoting *Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 274 Conn. 457, 463 (2005)). "On the other hand, if the complaint

alleges a liability which the policy does not cover, the insurer is not required to defend." *QSP, Inc.*, 256 Conn. at 354.

    1. *Coverage A*

The Court finds that Ohio has no duty to defend—and, as a result, no duty to indemnify—Veteran under Coverage A.

Coverage A applied to "bodily injury and property damage." In relevant part, it states:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
> b. This insurance applies to "bodily injury" or "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]
> >
> > (2) The "bodily injury" or "property damage" occurs during the policy period . . . .

Am. Compl. ¶ 16.

Importantly, Coverage A applies only to bodily injury and property damages that "occurs during the policy period." *Id.* ¶ 16. Connecticut courts have interpreted the language requiring the injury to "occur[] during the policy period" to mean what it says: that the injury animating the underlying action occurred during the period the policy is in effect. *Travelers Cas. & Sur. Co. v. Neth. Ins. Co.*, 312 Conn. 714, 744–46 (2014). Under the plain language of the policy, the injury or property damage must occur during the policy period, even if the policy does not require that the "occurrence" take place within the policy period. *See Peck v. Pub. Serv. Mut. Ins. Co.*, 363 F. Supp. 2d 137, 142 (D. Conn. 2005). Thus, even if the alleged negligence is considered the

"occurrence" and may have occurred during the policy period, Coverage A would apply only if the bodily injuries themselves occurred during the relevant policy period.

Because the injuries occurred well outside the policy period, Ohio has no duty to defend Veteran. Ohio issued a general commercial policy to Veteran for the period of October 10, 2017, through October 10, 2018, and a second policy for the period of October 10, 2018, to October 10, 2019. Am. Compl. ¶¶ 11–12. The second policy was cancelled on October 10, 2018, for non-payment. *Id.* ¶ 13. It is undisputed that the injuries in the Underlying Actions occurred on November 13, 2020, *id.* ¶¶ 23–37, which is well outside of even a generous reading of the second policy period, which would have extended to October 10, 2019.

Accordingly, Ohio has no duty to defend Veteran under Coverage A. As a result, Ohio also has no duty to indemnify Veteran under Coverage A. *See DaCruz*, 268 Conn. at 688.

2. *Coverage B*

The Court also finds that Ohio has no duty to defend or indemnify Veteran under Coverage B.

Coverage B applied to "personal and advertising injury," arising out of false arrest, malicious prosecution, wrongful eviction, slander or libel, violations of a person's right of privacy, the use of another's advertising idea, or infringing upon another's copyright, trade dress, or slogan. Am. Compl. ¶¶ 18–19.

The Court agrees with Ohio that, in order to trigger coverage under Coverage B, the underlying injury must have been caused by one of the enumerated offenses. ECF No. 64-1 at 19. As Connecticut courts have explained, insurance policies that cover injuries "arising out of" a discrete list of underlying torts—like Coverage B—require causation between the tort and injury, such that the policy "in no way can be interpreted to extend coverage to other torts, not specifically

enumerated . . . ." *QSP, Inc.*, 256 Conn. at 376. Thus, for Coverage B to apply, the *Petrie* action must allege a set of facts that could support a claim under one of Coverage B's enumerated torts.

Here, the *Petrie* action does not contain allegations that could support even an inference of false arrest,[3] malicious prosecution,[4] wrongful eviction,[5] slander or libel,[6] copyright infringement,[7] or trademark infringement.[8] The *Petrie* action concerns a tragic death allegedly resulting from improperly installed steam pipes. These allegations cannot support a claim under any of the enumerated torts. Accordingly, Ohio owes no duty to defend Veteran under Coverage B.

Because Ohio has no duty to defend Veteran under Coverage B, Ohio also has no duty to indemnify Veteran under Coverage B. *See DaCruz*, 268 Conn. at 688.

Therefore, the Court concludes that the facts alleged in the amended complaint establish Veteran's liability as a matter of law.

D. Default Judgment Factors

Ultimately, the decision whether to enter a default judgment is entrusted to the "sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. N.Y. State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). In deciding whether to enter default judgment, courts in this Circuit typically focus on three factors: "(1) whether the default was willful, (2) whether denying the application for default would prejudice the movant, and (3) whether a meritorious defense exists." *Cartagena-Cordero v. Five Star Cars, LLC*, No. 3:19-cv-

---

[3] *Nodoushani v. S. Conn. State Univ.*, 152 Conn. App. 84, 92–93 (2014) (setting forth elements of false arrest).
[4] *Nodoushani*, 152 Conn. App. at 93 (explaining elements of malicious prosecution).
[5] Conn. Gen. Stat. Ann. § 47a-43 (explaining elements of wrongful eviction).
[6] *Silano v. Cooney*, 189 Conn. App. 235, 241 (2019) (setting forth elements of slander *per se* and libel *per se*).
[7] *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 352–58 (S.D.N.Y. 2014) (explaining copyright law).
[8] *Chanel, Inc. v. RealReal, Inc.*, 449 F. Supp. 3d 422, 435–38 (S.D.N.Y. 2020) (explaining trademark infringement).

1728 (SRU), 2020 WL 5912601, at *1 (D. Conn. Oct. 6, 2020), *amended on reconsideration*, 494 F. Supp. 3d 204 (D. Conn. 2020); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171–74 (2d Cir. 2001).  Further factors for consideration include:  "(1) the amount of money in controversy; (2) whether there are material issues of fact or issues of public importance; (3) whether the default stems from a technical error; (4) whether plaintiff has been substantially prejudiced by the delay involved; and (5) whether the grounds for default are clearly established or are in doubt."  *SRSNE Site Grp. v. Advance Coatings Co.*, No. 3:12-CV-00443 (VLB), 2015 WL 13639165, at *2 (D. Conn. Mar. 27, 2015); *see also GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).  In assessing a motion for default judgment, a court should be mindful of the strong preference to resolve disputes on the merits.  *GuideOne Specialty*, 696 F. Supp. 2d at 208.

After consideration of the relevant factors, the Court finds that default judgment against Veteran is warranted.  First, Veteran's default was willful.  Veteran was served in this action on April 17, 2023, *see* ECF No. 19 (proof of service) and has yet to appear—even after the Court afforded it multiple opportunities to appear and contest Ohio's claims.  *See* ECF Nos. 25, 29.  The conclusion that Veteran's default is willful is supported by the fact that its principal appeared in both of the Underlying Actions, but has not appeared in this action.  *See Ohio Sec. Ins. Co.*, 2024 WL 1287583, at *2–3.  Second, denying Ohio's motion for default judgment would be prejudicial, as it would leave its coverage obligations with respect to the open *Petrie* action unresolved.  Finally, as the Court explained in its analysis of Ohio's claims, there is no indication that Veteran has a meritorious defense, as the policy language clearly precludes coverage.

The additional factors also favor default judgment in this instance.  The grounds for default are clearly established and are not in doubt, and the default does not stem from a technical error.

While the present issue is a declaratory action, the amount in controversy in the *Petrie* action is potentially substantial, considering the claims are for wrongful death and loss of consortium. Nonetheless, this single factor does not outweigh the numerous other factors in support of default judgment against Veteran.

There are, of course, concerns about the impact that a default judgment against an insurance policy holder could have on the potential payees on the insurance policy at issue—here, Ms. Petrie—who would likely have closely-related or nearly identical defenses as Veteran may have to the default judgment motion. These concerns are doubtless important for the Court to consider before granting default judgment against Veteran as the policyholder. But those concerns are lessened here because Ms. Petrie (and Ms. Weaver) have actively participated in this litigation through their attorneys, did not oppose the default judgment motion, and have suggested the Court can resolve Ohio's coverage obligations (in connection with Ohio's previous summary judgment motion). *See* ECF Nos. 56, 58. Further, courts in this Circuit routinely grant default and declaratory judgments concerning insurance liability disputes with underlying pending tort actions. *E.g.*, *Harleysville Ins. Co.*, 681 F. Supp. 3d at 165 (collecting cases wherein district courts "bring certainty" to the coverage obligations of insurers, "particularly where underlying actions against the insured are already pending"); *Scottsdale Ins. Co. v. Top Grade Excavating N.Y. Inc.*, No. 20-CIV-3510 (ENV) (VMS), 2021 WL 7908042, at *8 (E.D.N.Y. Aug. 13, 2021) (collecting cases).

Thus, default judgment against Veteran is appropriate with respect to the pending *Petrie* action.

### III. MOTION FOR SUMMARY JUDGMENT

Having found that Ohio should be granted default judgment against Veteran with respect to the *Petrie* action, the Court next addresses Ohio's renewed motion for summary judgment. As noted above, the Court construes Ohio as moving for summary judgment as to Weaver and Petrie for a declaratory judgment that Ohio has no duty to defend Veteran and no duty to indemnify Veteran or anyone who may gain a judgment against Veteran for any injuries or damages claimed in the Underlying Actions.

For the reasons that follow, the Court grants in part Ohio's renewed motion for summary judgment with respect to Defendant Petrie, but denies the motion as moot as to Weaver.

#### A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and

13

admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

B. Discussion

First, to the extent that Ohio requests summary judgment as to Weaver, the motion is denied as moot because the *Weaver* action was settled and closed by the Court on February 16, 2024.[9]

As to Defendant Petrie, the Court grants Plaintiff's motion for summary judgment for reasons similar to those articulated above in the Court's ruling on the motion for default judgment. Petrie has not responded to the motion for summary judgment, despite filing an answer to Ohio's amended complaint in which she "admits that she disputes Ohio's position" that it does not have a duty to defend and/or indemnify Veteran or anyone who may gain a judgment against it in connection with the Underlying Actions. *See* Petrie Answer, ECF No. 66 ¶ 48. The Second Circuit has made clear that Federal Rule of Civil Procedure 56 does not embrace default judgment principles. Therefore, even when the motion for summary judgment is unopposed, "the district court may not grant the motion without first examining the moving party's submission to

---

[9] Although Weaver stipulated to dismissal of her claims against other defendants in the action but did not stipulate to dismissal of her claims against Veteran, she did not appear to pursue her claims against Veteran while the action was open, and it has now been closed for nearly one year. *Weaver*, No. 3:22-cv-352 (JCH), ECF Nos. 108, 111, 116. Weaver has not sought to reopen the action to prosecute her claims against Veteran, in line with her representation here that she did not intend to pursue any further claims against Veteran or Ohio if the settlement against the other defendants was approved. ECF No. 58 at 1–2. The Court therefore considers Ohio's request for a declaratory judgment regarding its coverage obligations in the *Weaver* action moot.

determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242, 244 (2d Cir. 2004). The Court therefore proceeds to examining whether Ohio's submissions entitle it to summary judgment.

The Court grants Ohio's motion for summary judgment as to Petrie because Veteran is not entitled to coverage under either Coverage A or B of Ohio's policies. As discussed above, the first policy issued by Ohio covered the period of October 10, 2017, through October 10, 2018, while the second policy, which was cancelled for non-payment, covered the period of October 10, 2018, to October 10, 2019. Am. Compl. ¶¶ 11–13; ECF No. 66 ¶¶ 11–13 (Petrie alleging that she "lacks knowledge or information sufficient to form a belief and thus leave the plaintiff to their proof" as to the policy periods). The injuries in the *Petrie* action occurred on November 13, 2020. *See* Am. Compl. ¶¶ 23–37; ECF No. 66 ¶¶ 23–37 (Petrie admitting the allegations regarding the injuries at issue in the Underlying Actions). Thus, the underlying injuries in the *Petrie* action fall well outside of even a generous reading of the policy period extending to October 10, 2019, for Coverage A. Further, the facts regarding the injuries do not support even an inference of false arrest, malicious prosecution, wrongful eviction, libel or slander, copyright infringement, or trademark infringement to merit coverage under Coverage B. *See* Am. Compl. ¶¶ 18–19. Again, as Ohio has no duty to defend Veteran in the *Petrie* action, it likewise has no duty to indemnify Veteran against any judgment Petrie may obtain against it. *See DaCruz*, 268 Conn. at 688.

Given that there is no genuine dispute of material fact that the underlying injuries in the *Petrie* action occurred outside of the coverage period of Coverage A and would not qualify as one of the torts enumerated under Coverage B, the Court finds that Ohio has met its burden of establishing that there is no genuine dispute of material fact regarding coverage for Veteran related

to the *Petrie* action. Accordingly, the Court holds that Ohio has no duty to defend and/or indemnify Veteran or anyone who may gain a judgment against it in connection with the *Petrie* action.

## IV. CONCLUSION

For the reasons described herein, Plaintiff's motion for default judgment, ECF No. 64, is GRANTED in part, with respect to its request for a default judgment against Veteran related to the underlying *Petrie* action, and DENIED in part, with respect to its request for a default judgment against Veteran related to the underlying *Weaver* action. Plaintiff's motion for summary judgment, ECF No. 65, is GRANTED in part with respect to Petrie, and DENIED as moot with respect to Weaver.

The Clerk is directed to enter judgment for Plaintiff against Veteran and Petrie declaring that Ohio does not have a duty to defend or indemnify Veteran in connection with the lawsuit *Cynthia Petrie, Ex'x of the Est. of Euel T., et al. v. Mulvaney Mech., Inc.*, No. HHD-CV22-6179070-S, currently pending in Connecticut Superior Court, and against Plaintiff as to Weaver. Following entry of Judgment, the Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 10th day of January, 2025.

                                             */s/ Sarala V. Nagala*
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE